19529

Roy F. WILLIAMS, Jr., Appellant, v. CHRYSLER MOTORS CORPORATION et al., Respondents

(193 S. E. (2d) 524)

*Messrs. Baker & Etheridge,* of Darlington, *for Appellant,*

*Messrs. Dan M. McEachin,* and *John M. Scott,* of Florence, *for Respondents,*

December 6, 1972.

BRAILSFORD, Justice:

This action for alleged fraud and deceit in connection with the sale to plaintiff of a new 1969 Dodge truck and attempts and representations concerning its repair, was commenced in Darlington County against Chrysler Motors Corporation, the manufacturer, Cox-Fitz Motors, Inc., of Florence, South Carolina, the dealer, and Thomas Thornbrew, an employee of Cox-Fitz who resides in Darlington County. This appeal by plaintiff is from an order transferring the case for trial to Florence County, where, concededly, but for the joinder of Thornbrew, the venue properly lies.

Plaintiff's relevant exception is, in effect, upon the broad ground that the court's factual conclusion is not supported by the evidence. We disagree.

In brief, the evidence, which is limited to the affidavits of the president of Cox-Fitz Motors and of Thornbrew and of the latter's deposition, discloses that when the truck was purchased by plaintiff on May 20, 1969, Thornbrew was parts manager and had nothing to do with sales or repairs. He later became shop foreman, and was so employed in June, 1970, when plaintiff's truck was brought to Cox-Fitz Motors because of "a shimmying problem in the front end, and steer-

ing." Inferentially, the complaint was of long-standing because a factory representative took charge of the remedial work. The only evidence on the point is that Thornbrew never worked on plaintiff's truck, never instructed others to do so, never tested it and never made any representation to plaintiff concerning it. He did make out and sign two "work orders," as directed by the factory representative, showing parts used and services performed by the mechanics. These, however, were prepared after the work had been performed, not as instructions to the mechanics but to support the dealer's claim for reimbursement from Chrysler under the manufacturer's warranty.

It is well settled that on a motion of this kind the court has the authority and responsibility to decide "whether a defendant is immaterial and has been joined merely for the purpose of permitting an action to be tried in a county other than the County where the real defendant" is entitled to be sued. *White v. Nichols,* 190 S. C. 45, 1 S. E. (2d) 916, 919 (1939). See cases digested in 18 West's South Carolina Digest, Venue, Key No. 22 (3) (1952), and Cumulative Supplement. The court's conclusion that Thornbrew was joined as a defendant solely for the purpose of laying the venue in Darlington County is fully supported by the evidence.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.